IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE WALKER | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-4183 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 26th day of June, 2006, upon consideration of the cross-motions for summary judgment filed by the parties (Doc. Nos. 9 and 12), the court makes the following findings and conclusions:

1. On July 7, 2003, Terrance Walker ("Walker") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of October 13, 1999. (Tr. 65-68; 94; 353). Throughout the administrative process, including an administrative hearing held on February 24, 2005 before an administrative law judge ("ALJ"), Walker's claims were denied. (Tr. 4-6; 9-22; 28-33; 350; 351-388). Pursuant to 42 U.S.C. § 405(g), on August 5, 2005, Walker filed his complaint in this court seeking review of that decision.

2. In his decision, the ALJ concluded that Walker had a severe impairment consisting of ruptured patella tendon left knee status post reconstructive surgery. (Tr. 13 ¶ 4; 21 Finding 3).[1] The ALJ further concluded that Walker's impairment did not meet or equal a listing, that he had the residual functional capacity ("RFC") to perform sedentary work, and that he was not disabled. (Tr. 14 ¶¶ 1-2; 19 ¶ 3; 20 ¶ 5 - 21 ¶1; 21-22 Findings 4, 7, 10-11).

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 854 F.2d 1211, 1213 (3d Cir. 1988). If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4. Walker raises four arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. These arguments are addressed below. However, upon due consideration of all of the arguments and evidence, I find that the

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

ALJ's decision is legally sufficient and supported by substantial evidence.

   A. Walker first contends that the ALJ erred in finding that he did not meet listings 1.02 and 1.03.  In his decision, the ALJ stated that there was no objective medical evidence in the record which satisfied the specific criteria of listings 1.02 (Major dysfunction of a joint due to any cause) or 1.03 (Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint).  (Tr. 14 ¶¶ 1-2).  The ALJ discussed that Walker did not have an impairment that resulted in an inability to ambulate effectively, that he remained independent with ambulation, and that he has not required an assistive device for any prolonged period.  (Id.; 135; 143).  Contrarily, Walker merely suggests in two sentences that he meets these listings because, based on the objective evidence, his injuries make him unable to ambulate effectively.  Walker has simply failed to provide sufficient medical evidence to support his claim and after reviewing the objective medical evidence, I conclude that the ALJ's determination was supported by substantial evidence.  Rivera v. Comm'r, 164 Fed. Appx. 260, 262 (3d Cir. 2006) (citing Burnett v. Comm'r, 220 F.3d 112, 120 n.2 (3d Cir. 2000)).

   B. Second, Walker argues that the ALJ erred in determining that he was capable of performing sedentary work.  Instead, Walker claims that based on the medical evidence and opinions of his treating physicians, he lacks the RFC to perform sedentary work because of his pain and difficulty concentrating.  After reviewing the decision of the ALJ and the entire record, I conclude that the ALJ's RFC determination was supported by substantial evidence.  In determining Walker's RFC, the ALJ extensively discussed in his eleven page decision, *inter alia*, the credibility of Walker's complaints, the limitations or lack thereof shown by the objective medical evidence, the records showing his pain was minimal, the notes of improvement from his treating physicians, and the opinions of several physicians who stated that Walker could perform sedentary work.  (Tr. 15 ¶ 1 - 19 ¶ 2; 135; 136; 138-139; 142; 143; 151; 192; 215; 230; 297; 301; 304; 372-373).  Finally, the ALJ relied on Walker's own testimony that he could sit from one-and-one-half hours to two hours at a time, stand for fifteen minutes at a time, walk for two blocks at a time, and lift a maximum of twenty-five pounds, which the vocational expert ("VE") testified was consistent with the full range of sedentary work.  (Tr. 16 ¶ 1; 379-381).  As a result, the ALJ's determination was proper.

   C. Third, Walker claims that the ALJ erred by failing to give controlling weight to the opinions of his treating physicians, Thomas Meade, M.D. ("Dr. Meade") and Kevin Freedman, M.D. ("Dr. Freedman") that he was disabled.  I first note that the ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1); S.S.R. 96-5p.  Furthermore, a treating physician is only provided controlling weight when his or her opinion is well supported by medically acceptable sources and not inconsistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  Here, the ALJ discussed these two physicians' opinions that Walker was disabled and noted that their examination findings were not consistent with their disability opinions.  (Tr. 19 ¶ 2; 197; 201; 209; 212; 215; 237; 248-251; 297).  The ALJ also noted that Meade stated several times that although Walker could not perform his prior work at that time, he anticipated that Walker would be able to do so in the future.  (Tr. 19 ¶ 2; 215; 226; 236).  Finally, as discussed above, the objective medical evidence, other physicians' opinions and Walker's own statements support the ALJ's conclusion that Walker could perform sedentary work.  As a result, because the disability opinions of Drs. Meade and Freedman were contrary to their own records and other objective medical and testimonial evidence in the record, the ALJ's decision to afford little weight to their disability opinions was supported by substantial evidence.

D.	Fourth, Walker alleges that the ALJ failed to properly credit his subjective complaints of pain and limitation.  Walker bases his argument on three contentions: (1) that the ALJ's discussion of the time Walker spent incarcerated was unfair and prejudicial; (2) that his complaints are bolstered by the disability opinions of Drs. Meade and Freedman; and (3) that Dr. Charles A. Mauriello, D.O. ("Dr. Mauriello") stated in a March 6, 2003 medical evaluation that "[t]he objective findings to support his subjective complaint in the left knee would be the significant atrophy, left knee swelling, and surgical scar." (Tr. 149).  "Credibility determinations are the province of the ALJ", should only "be disturbed on review if not supported by substantial evidence", and are entitled to deference.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 271 (3d Cir. 2003);  Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)).  First, upon review of the hearing transcript and the ALJ's decision, I find that the ALJ's discussion of Walker's incarceration was not prejudicial but was appropriate in order to develop the factual time-line.  See (Tr. 15 ¶ 3; 16 ¶ 3; 353-354; 355-361; 368; 370; 376; 384).  Second, as discussed above, the disability opinions of Drs. Meade and Freedman were reasonably discounted by the ALJ and, thus, do not offer strong support for Walker's subjective complaints.  Finally, regarding Dr. Mauriello's notation, the ALJ agreed that Walker had a severe impairment that was likely to cause pain. (Tr. 13 ¶ 4; 21 Findings 3, 5).  What Dr. Mauriello did not address and what the ALJ is required to address is the extent to which Walker was accurately stating the degree of pain or the extent to which he was disabled by it.  Hartranft, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)).  In determining that Walker was not entirely credible regarding his complaints of pain, the ALJ comprehensively reviewed the objective medical evidence, the reports and opinions of Walker's physicians, the degree of treatment necessary including medications utilized, and Walker's own assertions and reported daily activities.  (Tr. 15 ¶ 1 - 19 ¶ 2; 135; 136; 138-139; 142; 143; 146; 151; 192; 215; 230; 297; 301; 304; 372-373; 375-377; 379-380; 386-387).  After reviewing the ALJ's decision and the evidence, I find that the ALJ sufficiently supported his credibility determination with substantial evidence.

Upon careful and independent consideration, the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law.  Therefore, it is hereby **ORDERED** that:

5.	The motion for summary judgment filed by Terrance Walker is **DENIED**;

6.	The motion for summary judgment filed by the Commissioner is **GRANTED** and **JUDGMENT IS ENTERED IN FAVOR OF THE COMMISSIONER AND AGAINST TERRANCE WALKER**; and

7.	The Clerk of Court is hereby directed to mark this case as **CLOSED**.

S/ LOWELL A. REED, JR., S.J.
LOWELL A. REED, JR., S.J.